UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOUNLAY SIACKASORN,

                Petitioner,

     v.

MARKWAYNE MULLIN, *et al.*,

                Respondents.

CASE NO. 2:26-cv-01485-GJL

ORDER ON PETITIONER'S
MOTION FOR A TEMPORARY
RESTRAINING ORDER

Petitioner Bounlay Siackasorn has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he seeks release from confinement.[1] Dkt. 1. Accompanying the habeas Petition is a Motion for Temporary Restraining Order ("TRO"), filed on April 30, 2026, at approximately 9:57 p.m.[2] Dkt. 2. Petitioner moves for a TRO directing Respondents to: (1) immediately release him; (2) return him to his prior release under an Order of Supervision; and (3) "permit him time to make arrangements for a safe departure to Laos while continuing to pursue claims for protection against serious harm if his removal proceedings are reopened." Dkt.

---

[1] The parties have consented to proceed before a Magistrate Judge. *See* Dkt. 7.

[2] The entry was modified on May 1, 2026, at approximately 8:19 a.m., to regenerate a Notice of Electronic Filing (NEF) to the United States Attorney's Office and Immigration Habeas Service. *See* Dkt. 2.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

2. Further, as noted by the Honorable John H. Chun in an Order entered last night, April 30, 2026, at approximately 10:50 p.m., it appears that Respondents may seek an imminent transfer of Petitioner out of the District. *See* Dkt. 3 (citing Dkt. 2).

Petitioner's Motion for a TRO asserts that Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, since April 20, 2026. Dkt. 2 at 3. Petitioner, an individual born in Laos but holding no birth certificate or evidence of Laotian citizenship, was lawfully paroled into the United States in 1980 when he was approximately three or four years old, and soon thereafter was granted permanent resident status. Dkt. 1 ¶¶ 1–3.

On August 13, 2007, Petitioner was ordered removed by an Immigration Court in Eloy, Arizona, after he received a conviction in California for possession with intent to sell methamphetamine, which resulted in a sentence of 16 months confinement. *Id*. ¶ 3. Petitioner was unable to be removed to Laos, and therefore Immigration and Customs Enforcement ("ICE") released him on an Order of Supervision ("OSUP"). *Id*. ¶ 4. Petitioner concedes that he has a criminal history, including a separate 2011 conviction for aggravated theft, but has been checking in annually with ICE at its Field Office in Portland, Oregon, where Petitioner resided. *Id*. ¶ 5.

On April 20, 2026, Petitioner was apprehended at the Portland ICE Field Office pursuant to a written order to appear. *Id*. ¶ 6. ICE Officers purportedly told Petitioner they had a travel document to facilitate his removal to Laos, and that his removal could occur as early as April 30, 2026. *Id*. Petitioner was not shown the travel document, however, and was transported to NWIPC, where he remains detained. *See* Dkt. 1 ¶ 6; Dkt. 2 at 2. Since that time, Petitioner has obtained counsel and has filed motions to reopen his removal proceedings and an emergency stay of removal with the Arizona Immigration Court. Dkt. 1 ¶ 8.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 2

Petitioner filed a habeas Petition on April 30, 2026, alleging that Respondents violated his right to due process under the Fifth Amendment to the U.S. Constitution when they revoked his release and deprived him of his liberty without affording him any written notice or meaningful opportunity to be heard by a neutral decisionmaker prior to re-detention. Dkt. 1 at 15–25. He also claims that Respondents' actions have violated the Administrative Procedure Act, 5 U.S.C. § 706. Dkt. 1 at 12–15. As relief, Petitioner seeks immediate release from custody and other related relief. *Id*. at 25–26.

On May 1, 2026, the Court entered a Scheduling Order directing Respondents to file a return to the Petition by May 15, 2026. Dkt. 5. Petitioner was directed to file any traverse by May 20, 2026. *Id*. The Scheduling Order also directed the following:

> 3. Respondents shall provide the Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States.

*Id*. at 2.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [ ] jurisdiction over the matter.").

Accordingly, the Court **ORDERS** as follows:

1.   Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is **PROVISIONALLY GRANTED** pending Respondents' response to the Motion (Dkt. 2). This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the Motion after full briefing.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3

2. Respondents **ARE PROHIBITED** from removing Petitioner from the United States or transferring him from NWIPC to any other detention facility during the pendency of these proceedings, without further order from this Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

3. Petitioner's counsel **SHALL** immediately contact Respondents' counsel to provide a copy of this Order, if not already provided, and meet and confer on: (1) a briefing schedule for the motion for TRO, and (2) whether Respondents will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4. If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents **SHALL** respond to the Motion for a TRO (Dkt. 2) on the schedule set by Local Civil Rule 65 once service is accomplished.

5. The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the Motion for a TRO (Dkt. 2). The Court reserves its discretion to deny oral argument pursuant to Local Civil Rule 7(b)(4).

Dated this 1st day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 4