UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOUNLAY SIACKASORN,

Petitioner,

v.

MARKWAYNE MULLIN, *et al.*,

Respondents.

CASE NO. 2:26-cv-01485-GJL

ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Petitioner's Motion for Reconsideration of this Court's June 17, 2026, Order denying habeas corpus relief and a temporary restraining order. Dkt. 19; *see* Dkt. 17. Upon review, Petitioner's Motion (Dkt. 19) is **DENIED**.

Motions for reconsideration are generally disfavored. *See* Local Civil Rule 7(h)(1). Reconsideration is appropriate only where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Ins. Co.*, No. C17-0784-JCC, 2017 WL 6372474, at *1

(W.D. Wash. Dec. 13, 2017) (quoting *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). Whether to grant or deny a motion for reconsideration is in the sound discretion of the Court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citation omitted).

On June 17, 2026, the Court denied Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and related Motion for a temporary restraining order. Dkt. 17. As is pertinent here, in addressing the second *Mathews*[1] factor—the risk of an erroneous deprivation—the Court relied, in part, upon a case from the Eastern District of California in which the government obtained a Laotian travel document for the petitioner and subsequently issued a warrant for his removal and re-detained him after issuing a notice of imminent removal. *See* Dkt. 17 at 9 (citing *Xiong v. Wofford*, No. 1:25-cv-2004 CSK, 2026 WL 177739, at *5 (E.D. Cal. Jan. 22, 2026)). While those circumstances are present here, the Court went further in its Order, stating "there is no indication within the instant record that Petitioner has asserted a fear of removal to Laos." Dkt. 17 at 9.

In the instant Motion, Petitioner takes issue with the Court's language regarding his asserted fear of removal to Laos, countering that he has in fact claimed a fear of return to Laos. Dkt. 19 at 2–3. Since the day he reported to the ERO office on April 20, 2026, and was re-detained, Petitioner has indeed asserted fear of removal to Laos, both in his motion to reopen his underlying immigration proceedings before an immigration judge (*see* Dkt. 1-2, Ex. "A"),[2] and in his habeas filings before this Court (*see* Dkts. 1, 14).

---

[1] *Mathews v. Eldridge*, 424 U.S. 319 (1976).

[2] In a supplement to the instant Motion, Petitioner informs the Court that the Eloy, Arizona, immigration court has stayed his removal effective June 23, 2026, pending resolution of his motion to reopen removal proceedings before that court. Dkt. 20. To the extent that these additional factual developments impact the lawfulness of Petitioner's continued detention, the appropriate course of action is the filing of a new habeas petition rather than a motion for

However, in considering the second *Mathews* factor, the Court found that on April 20, 2026, Petitioner was provided with due process in connection with his re-detention, namely the opportunity to respond to the reasons for the revocation of his OSUP, to show no significant likelihood of removal in the reasonably foreseeable future, and to provide a statement or claim regarding fear of deportation to Laos. *See* Dkt. 17.

The record does not establish that Petitioner asserted his fear of removal to Laos to immigration officials at the time of his re-detention which would have triggered a fear interview and subsequent fear determination by the government. Accordingly, in applying the second *Mathews* factor, the Court did not consider any prospective Petitioner claims of fear of removal to Laos when assessing whether the Government had provided Petitioner with due process at the time of his re-detention. As such, while Petitioner may believe this Court erred in reaching its decision on the second *Mathews* factor and ultimately on the Petition itself, he has not established manifest error. Disagreement with the Court's conclusion is not a sufficient basis upon which to grant a motion for reconsideration. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Thus, the Motion for Reconsideration is **DENIED**. Dkt. 19.

Dated this 30th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge

reconsideration of the Court's Order in this case. Indeed, the Court notes that Petitioner has now filed a new habeas petition. *See Siackasorn v. Scott*, No. 2:26-cv-02607-GJL (W.D. Wash. July 23, 2026).